|  |  |
|---|---|
| JACK WILLIAMS, | UNITED STATES DISTRICT COURT |
|  | DISTRICT OF NEW JERSEY |
| Plaintiff, |  |
|  |  |
| -vs- | Civil Action No. 04-4729 (WGB) |
|  |  |
| NEW JERSEY STATE POLICE | REPORT AND RECOMMENDATION |
| DEPARTMENT, et al., |  |
|  |  |
| Defendant(s), |  |

**Magistrate Judge Madeline Cox Arleo:**

## BACKGROUND

On or about September 24, 2004, Plaintiff *pro se*, Jack Williams, filed this Complaint in District Court alleging, <u>inter</u> alia, violations of his civil rights, 28 U.S.C. § 1983. Defendants include the New Jersey State Police, various individuals and Julian's Garage Company. By Order dated January 30, 2006, Judge Bassler granted in part and denied in part Defendants' motions to dismiss.

By Letter Order dated March 20, 2006, the Court scheduled a Rule 16 conference for April 19, 2006.[1] The Court received a "Discovery Plan" submitted on behalf of Defendant Julian's Garage. In that Discovery Plan, counsel advised that he was unable to confer with Plaintiff *pro se* regarding the Discovery Plan. He advised that plaintiff would not provide a telephone number or street address to meet and confer. Accordingly, Plaintiff did not participate in the Discovery Plan. It should be noted that Plaintiff did not provide his own discovery plan to the Court. In its Discovery

---

[1] By Chambers' note dated April 10, 2006, the Court rescheduled the conference to April 18, 2006 at 10:30 a.m. In addition, defense counsel confirmed in writing to Plaintiff the change in date for the Rule 16 conference. In any event, Plaintiff did not show on either April 18th or 19th, 2006 for the Rule 16 conference.

1

Plan, defendant alleged that Plaintiff had failed to provide responsive answers to interrogatories. Defendant requested that Plaintiff be required to provide written discovery as soon as possible and submit to a deposition.

On April 18, 2006, defense counsel appeared for the Rule 16 conference; Plaintiff did not appear.  Accordingly, on April 19, 2006, the Court entered an Order To Show Cause why sanctions should not be imposed upon Plaintiff for failure to attend the Rule 16 conference.  The return date of the Order To Show Cause was May 15, 2006.   Plaintiff was directed to file any written submissions to the Court by May 10, 2006.

On the return date of the Order To Show Cause, Plaintiff did not appear.  To date, Plaintiff has not filed any written submissions with the Court regarding his failure to appear at either the Rule 16 and the Order To Show Cause.   In addition, discovery has not commenced.

**DISCUSSION**

The Plaintiff's failure to comply with discovery obligations and the Orders of this Court require this Court to determine the appropriate sanctions to impose.  In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 963 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered to determine whether the sanction of default is appropriate.  The Poulis factors are:  (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, (6) the meritoriousness of the claim or defense.  Id. at 868.

The Poulis factors are applied to the facts at hand to determine if default is proper.  Plaintiff, although at first proceeding pro se.  Therefore, he can be held personally responsible for failing to prosecute this case.

Second, the Court must consider whether Defendants have been prejudiced by the failure of Plaintiff to appear and provide discovery. Here, Plaintiff has failed to provide Rule 26 disclosures or submit a Joint Discovery Plan. He has not provided discovery. He has not appeared at two Court ordered conferences. In a nutshell, Plaintiff has made it impossible not only for discovery to commence but for this action to proceed at all. I am satisfied that Defendant has been prejudiced by Plaintiff's failure to comply with his discovery obligations and this Court's orders.

Third there is a history of non-compliance here. Plaintiff has ignored all his obligations in this matter and both Orders of this Court. He has failed to submit a Joint Discovery Plan, provide defendants with any of the requested discovery, making it impossible for a discovery schedule to be put in place.

Fourth, the Court must consider whether Plaintiff's non-compliance was willful or the result of bad faith. Plaintiff has not communicated with this Court in any way, shape or form. He has been advised that sanctions would be imposed for non-appearance. I am satisfied that Plaintiff has made a willful decision not to prosecute this case.

Finally, I must consider whether alternative sanctions would be appropriate. Plaintiff has been warned that sanctions would be entered if he failed to appear at the Rule 16 or on the return date of the Order To Show Cause. This warning has proven to be insufficient. Future Orders, given the history of this case, would be meaningless. Therefore, the extreme sanction of dismissal is warranted. As to the sixth factor, I cannot determine the meritorious of the claim based upon my review of the pleadings.

Five of the six Poulis factors weigh in favor to dismiss the Complaint. Not all of the Poulis factors need to be satisfied in order to enter default. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir.

1992). Here Plaintiff has failed to consult with counsel, satisfy his discovery obligations and comply with Orders of this Court. While, I recognize that dismissal is a drastic sanction, Plaintiff has an obligation to diligently prosecute his claims. This obligation extends to respecting deadlines and abiding by the rules. "[C]ourts have inherent equitable power to dismiss actions or enter default judgements for failure to prosecute, contempt of Court or abuse of litigation practices." Lightening Lube, Inc. v. Whitco Corp., 4 F.3d 1153, 1179 n. 15 (3d Cir. 1993)(citations omitted). Dismissal in this case is therefore appropriate.

## CONCLUSION

The Court recommends that Plaintiff's Complaint be dismissed with prejudice. The parties have ten (10) days from the date hereof to file any objection.

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

Orig: Clerk
cc:  Hon. William G. Bassler
     File